ACCEPTED
03-15-00314-CV
8219871
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 11:47:51 AM
JEFFREY D. KYLE
CLERK

# STONE LOUGHLIN & SWANSON, LLP

ATTORNEYS AT LAW

DAN PRICE
DPRICE@SLSAUSTIN.COM

P.O. BOX 30111
AUSTIN, TEXAS 78755
512.343.1300
512.343.1385 FAX

WWW.SLSAUSTIN.COM

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 11:47:51 AM
JEFFREY D. KYLE
Clerk

December 14, 2015

**Via E-Filing**
Jeffrey D. Kyle, Clerk
Court of Appeals
Third District of Texas
P.O. Box 12547
Austin, Texas 78711-2547

Re:  *California Insurance Guarantee Association, Oklahoma Property and Casualty Insurance Guaranty Association and Texas Property and Casualty Insurance Guaranty Association v. Hill Brothers Transportation, Inc.*, Cause No. 03-15-00314-CV, in the 3rd Court of Appeals Texas, Trial Court No. D-1-GN-09-001010; SLS No. 21744

## AMENDED LETTER BRIEF
*(adding Certificate of Compliance with* TEX. R. APP. P. 9.4)

Dear Mr. Kyle:

During oral argument on December 2, 2015, the Court presented the parties with the question of whether Hill Bros.' cross-point of appeal is a jurisdictional issue that must be addressed by the Court, irrespective of whether the issue was the proper subject of appeal of the trial court's summary judgment. This letter brief is provided in response to the Court's request.

Applying a liberal reading to the arguments presented in support of the cross-appeal, the Guaranty Associations acknowledge Hill Bros. raised as an issue whether the Guaranty Associations have standing to sue for breach of contract.

**Issue Presented on Cross-Appeal**

Hill Bros.' issue on cross-appeal alleges "the Guaranty Associations are not proper parties to sue for breach of contract."[1]

---

[1]  Appellee's Br. at 17.

**Standing is a Jurisdictional Question**

Whether a plaintiff has standing is an issue of subject matter jurisdiction that may be raised for the first time on appeal. *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993).

**Standing in Breach of Contract Cases**

"The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Id.* (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955)). A justiciable controversy exists "only if there is a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute." *Basic Energy Servs., Inc. v. D-S-B Props., Inc.*, 367 S.W.3d 254, 260 (Tex. App.–Tyler 2011) (citing *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)).

In breach of contract cases, this Court has determined that the issue of standing is raised when a defendant alleges a plaintiff is: (1) not a party to the contract, *Hamilton v. Washington*, No. 03-11-00594-CV, 2014 WL 7458988, *9 (Tex. App.–Austin Dec. 23, 2014); (2) not in privity of contract with the defendant, *First-Citizens Bank & Trust Co. v. Greater Austin Telecommunications Network*, 318 S.W3d 560, 566 (Tex. App.–Austin 2010); and (3) not a third party beneficiary to the contract, *Hamilton*, 2014 WL 7458988 at *9.

**The Guaranty Associations Acknowledge Hill Bros. Raised an Issue of Standing**

In Appellee's Brief, Hill Bros. submits the Guaranty Associations are not proper parties to sue for breach of contract because: (1) they do not stand in the shoes of Legion for purposes of enforcing the Policy,[2] (2) they are not third-party beneficiaries of the Policy,[3] (3) they lack statutory authority to sue Hill Bros.,[4] and (4) the cause of action the Guaranty Associations allege is owned by the Legion Liquidator.[5] At oral argument Hill Bros. also alleged the Guaranty Associations cannot sue because they lack privity of contract with Hill Bros.

Applying a liberal reading to these arguments, the basic premise asserted is that the Guaranty Associations do not have standing to sue to enforce the Policy because neither the Policy nor any statute nor any order grants the Guaranty Associations Legion's the right to sue Hill Bros. to enforce the Policy. In making these arguments, Hill Bros. specifically raised allegations the Court previously defined as issues of standing (*e.g.*, lack of privity, lack of third party beneficiary status). Further, in

---

[2]     *Id*. Unless otherwise specified, as used herein, capitalized terms shall having the meaning ascribed in Appellee's Brief.

[3]     *Id.*

[4]     *Id.* at 18.

[5]     *Id.*

alleging the breach of contract claim is owned by Legion, Hill Bros. alleges Legion suffered the injury of Hill Bros.' breach and, therefore, the Guaranty Associations lack a justiciable interest in the controversy.

Because the Court has previously determined similar allegations to those presented by Hill Bros. on cross-appeal raised issues of standing, and because Hill Bros. asserts the Guaranty Associations lack a justiciable interest in the litigation, the Guaranty Associations acknowledge the cross-appeal raised the jurisdictional issue of standing.[6]

**Conclusion**

While Hill Bros.' cross-appeal raises issues of standing, for the reasons stated in Appellants' Reply Brief and as presented at oral argument, the Guaranty Associations respectfully submit that the cross-appeal lacks merit.

The Guaranty Associations unquestionably have standing and are proper parties to sue for breach of contract in this case.

Very truly yours,

STONE LOUGHLIN & SWANSON, LLP

Dan Price
DP/rer
G:\SLS\21744\Appeal\Drafts\2015-12-14 GAs' Amended Letter Brief on Authority to Sue (final).wpd

**Certificate of Compliance**

Relying on the word count program of the computer program used to prepare Appellants' Amended Letter Brief, the total number of words in this document, excluding words that are not to be counted under TEX. R. APP. P. 9.4(i)(1), is 783.

Dan Price

---

[6] Please note, although the Guaranty Associations acknowledge the issue on cross-appeal raised the issue of standing, nothing herein should be construed by the Court as the Guaranty Associations' agreement to or endorsement of any argument made by Hill Bros. in support of its cross-appellate issue.

# STONE LOUGHLIN & SWANSON, LLP
ATTORNEYS AT LAW

cc:    **Via E-Filing**
Marnie McCormick
Adrian Ciechanowicz
DUGGINS WREN MANN & ROMERO, LLP
P.O. Box 1149
Austin, Texas 78767-1149